IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. CR-07-196-C |
| | ) | |
| DANIEL J. BOWLING, a/k/a | ) | |
| DANNY BOWLING, | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion to Suppress seeking to exclude the fruits of a search warrant executed by Mr. Rector.[1] Defendant argues that the state court judge who issued the warrant was not neutral and impartial, that the search warrant was overbroad and that because of misstatements made in the warrant by Mr. Rector, Defendant is entitled to a Franks[2] hearing. Plaintiff denies each of the allegations, asserts the warrant was valid, and that Defendant's motion should be denied.

In support of his first proposition, Defendant notes that the judge who signed the search warrant, the Honorable D.W. Boyd, while in private practice had represented the bank involved in this matter in a case against Defendant. According to Defendant, Judge Boyd

---

[1] Mr. Rector is employed by the Texas and Southwestern Cattle Raisers Association, Inc. ("TSCRA"). Mr. Rector is commissioned by the OSBI as a Ranger and is empowered to investigate the larceny of domestic animals, livestock, or farm and ranch equipment or supplies.

[2] Franks v. Delaware, 438 U.S. 154 (1978).

also represented other individuals in cases against him. Thus, Defendant asserts, it is clear that Judge Boyd was not neutral and impartial. Defendant suggests that Mr. Rector was aware of this history and took the warrant to Judge Boyd to be signed. Finally, Defendant points to statements made by Judge Boyd at the time he signed the warrant asserting those statements are evidence of his bias. However, Defendant has failed to offer any specific evidence demonstrating Judge Boyd was not neutral and impartial. As Plaintiff notes, the law is clear that Judge Boyd's prior actions, standing alone, are insufficient to declare him partial. See United States v. Heffington, 952 F.2d 275 (9th Cir. 1991) (finding state court judge's prior representation of defendant in a different case did not prevent judge from being neutral and impartial); United States v. Outler, 659 F.2d 1306 (5th Cir. 1981) (issuance of warrant by magistrate who had, while U.S. Attorney, prosecuted defendant did not violate 4th Amendment); United States v. Guthrie, 184 F.Appx. 804 (10th Cir. 2006) (magistrate's prior attorney-client relationship with defendant did not prevent magistrate from issuing valid search warrant). Indeed, the issue, as the Circuit noted in Guthrie, is whether the affidavit is sufficient to establish probable cause. The Court's review of the warrant finds that probable cause is clearly established. Accordingly, issuance of the warrant was proper. Defendant's motion will be denied on this point.

Defendant next challenges the warrant by arguing that it was overbroad as it did not allow the executing officer(s) to distinguish between items that may or may not be seized. Defendant points to several portions of the warrant where broad language was used. However, after review, the Court finds the warrant was not overbroad. As Plaintiff notes,

the charges in this case are premised on fraudulent activity. The evidence necessary to establish a fraud case is necessarily broad and complex. Here, where the promissory notes held by the bank granted the bank a lien on all of Defendant's cattle, it was necessary to locate items related to sale of any cattle. Thus, the language of the warrant was necessarily broad. Even were the Court to find that some portions of the warrant were overbroad, the searcher's reliance on the warrant would be covered by the good faith doctrine established in United States v. Leon, 468 U.S. 897 (1984). In Leon, the Supreme Court made clear that where an officer in good faith relies on an invalid warrant the evidence obtained from the search need not be excluded. Id. at 923. As long as the officer executing the warrant does so in an objectively reasonable manner, the search is valid. Here, the Court finds an officer could rely on the warrant issued in good faith. Accordingly, Defendant's motion will be denied on this point.

Finally, Defendant argues he is entitled to a Franks hearing because Mr. Rector made deliberate misstatements in the affidavit. Defendant asserts that Mr. Rector stated the cattle sold were valued at $750,000, when the specific instances relating the sale of cattle amounted to a sum that was substantially less. Defendant also challenges Mr. Rector's reliance on information provided by the bank without doing any additional investigation to test the veracity of that information. Defendant asserts that Mr. Rector exceeded the scope of his authority in this matter as he is commissioned only to investigate the larceny of cattle and there is no larceny charged in the present case.

Defendant is entitled to a <u>Franks</u> hearing only where he can establish, by a preponderance of evidence, that the affidavit contained false statements which were knowingly and intentionally made or made with a reckless disregard for the truth.  Further, Defendant must show that any such representation was material to the finding of probable cause and that any omitted information would have negated a finding of probable cause. <u>United States v. Tisdale</u>, 248 F.3d 964 (10th Cir. 2001).  If a defendant meets this burden, the Court then examines the affidavit and determines if, with the corrected or additional information, probable cause would still exist; if so, there is no entitlement to a hearing. <u>Franks</u>, 438 U.S. at 171-72 ("Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.") (footnote omitted).  Here, Defendant is not entitled to a hearing.  Even if the affidavit is altered to include or exclude the information of which Defendant complains, sufficient probable cause is shown and thus the warrant would issue.  In short, Defendant has failed to satisfy his burden of establishing entitlement to a hearing or that the warrant should be set aside.  Defendant's motion will be denied on this point.

For the reasons set forth herein, Defendant's Motion to Suppress Evidence Obtained from Execution of Search Warrant (Dkt. No. 17) is DENIED.

IT IS SO ORDERED this 15th day of October, 2007.

ROBIN J. CAUTHRON
United States District Judge