IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case Number CR-07-196-C |
| ) | |
| DANNY J. BOWLING, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

On August 20, 2008, the Court sentenced Defendant to an eight-month period of imprisonment and a Supervised Release term of three years. Also on that date, the Court entered a preliminary Order of Forfeiture imposing a personal money judgment on Defendant in the amount of $876,747.95. Defendant has filed a Notice of Appeal and now requests the Court permit his continued release pending disposition of his appeal and stay the forfeiture and restitution judgment pending appeal. Defendant argues that he has meritorious appellate claims and therefore should be permitted to remain free during the pendency of the appeal. In response, Plaintiff asserts that the appellate grounds offered by Defendant have already been considered and rejected by the Court. Thus, Plaintiff argues, Defendant has not shown there is a substantial question likely to result in reversal or a new trial on all counts.

Initially, under 18 U.S.C. § 3143(b), Defendant must establish by clear and convincing evidence that he is not a flight risk and does not pose a danger to others or to the community. Defendant asserts that he has made all required appearances, has retained counsel throughout this case, has family ties in this area, and is a long-time resident of the district. Defendant also notes that he is not a danger to others or the community. Indeed, at the initial arraignment Plaintiff

recommended, and the Court approved, permitting Defendant to be released on an OR bond. Plaintiff offers no argument or evidence to refute Defendant's showing regarding his risk of flight or that he poses a danger to others or the community.

Based on the evidence presented and Defendant's history in this case, the Court finds that Defendant has established by clear and convincing evidence that he is not a flight risk. Further, although there is no question that Defendant's crimes inflicted an economic harm on his community, he is now in a situation that would prevent any similar harm to occur. Therefore, the Court finds that Defendant does not pose a danger to others or the community.

Next, Defendant must prove:

> by a preponderance of the evidence that the appeal is not for purpose of delay, the appeal raises a substantial question of law or fact, and if that substantial question is determined favorably to defendant on appeal, the decision is likely to result in reversal, an order for a new trial, a sentence with no term of imprisonment, or a reduced sentence.

United States v. Peterson, No. 99-2080, 1999 WL 407493, *1 (10th Cir. Jun. 21, 1999) (citing United States v. Affleck, 765 F.2d 944, 952-53 (10th Cir. 1985)).* Defendant raises four issues which purportedly create substantial questions for appeal. The Tenth Circuit has defined a substantial question as "'one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way.'" Affleck, 765 F.2d at 952, quoting United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985). As the Ninth Circuit explains the terminology, "'substantial' defines the level of merit required in the question presented and 'likely to result in reversal or an order for a new trial' defines the

---

* Although there have been a number of amendments to § 3143 since the Affleck decision, none of them affect the procedure set forth therein.

type of question that must be presented" (emphasis omitted).  United States v. Handy, 761 F.2d 1279, 1280 (9th Cir. 1985) (citing United States v. Miller, 753 F.2d 19 (3d Cir. 1985), and Giancola).  Plaintiff argues that the Court's has previously considered and rejected each of the issues raised by Defendant and that none of them are meritorious.

To find a question substantial does not require the Court to determine that its ruling will likely be reversed on appeal.  Affleck, 765 F.2d at 953 n. 14.  Rather, the query focuses on whether reasonable jurists could disagree on the outcome.  In this case, at least some of Defendant's claims pose just that sort of question.  The Court's decisions regarding the effect of the Bank's previous actions in dealing with Defendant could be decided differently by other jurists.  Although both parties presented case law and statutes supporting their positions, there was no clear precedent on the issue.  Thus, there is a "substantial question" as required by § 3143.  The Court's finding that a substantial question exists also resolves the "not for delay" inquiry.

The final prong requires the Court to determine if a decision in Defendant's favor on appeal will likely result in a new trial.  As Defendant notes, the Court's rulings on his arguments clearly precluded his theory of defense.  If the Court erred in those rulings, then he is certainly entitled to a new trial to present his defense.

Defendant's request to stay action on the Order of Forfeiture is governed by Fed. R. Crim. P. 32.2(d).  In pertinent part, that rule states:  "If a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review."  Although

Defendant argues a stay is necessary to prevent the sale of his home, there is no assurance any sale of that property will occur. The current Order of Forfeiture provides only a money judgment against Defendant. Therefore, it would be inappropriate for the Court to issue any stay directed at Defendant's property. Rather, given the above discussion warranting Defendant's release pending appeal, the Court finds Defendant is entitled to a stay of any proceedings by Plaintiff to enforce the money judgment awarded in the Order of Forfeiture. Defendant is prohibited from disposing of any property or other assets, other than in the ordinary course of business, in a manner that would hinder Plaintiff's ability to enforce the judgment, if available, after disposition of the appeal.

## CONCLUSION

Defendant has satisfied the requirements of § 3143(b) and is entitled to remain free from confinement pending disposition of his direct appeal. Accordingly, Defendant's Motion for Release Pending Appeal (Dkt. No. 88) is GRANTED. Counsel for the government shall request any additional conditions or change of conditions appropriate to release during appeal within ten days, failing which, the Defendant will be governed by the Order Setting Conditions of Release which is currently in effect. Further, for the reasons set forth herein, Defendant's Motion to Stay Forfeiture and Restitution (Dkt. No. 105) is GRANTED.

IT IS SO ORDERED this 10th day of September, 2008.

_/s/ Robin J. Cauthron_
ROBIN J. CAUTHRON
United States District Judge